

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KELVIN SCOTT CHESSMAN,
CDCR #G35578

                                    Plaintiff,

v.

C. PARKHILL; K. SANTANA; M. BURKE; ALONZO; R. ZABALA; JOHN DOE, Appeals Coordinator; JOHN DOE, K-9 Handler

                                    Defendants.

Case No.: 3:26-cv-1049-WQH-DDL

**DENYING MOTION TO PROCEED IN FORMA PAUPERIS**
**[ECF No. 2]**

**DISMISSING CIVIL ACTION FOR FAILURE TO PAY THE FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**

HAYES, Judge:

On February 6, 2026, Kelvin Scott Chessman ("Plaintiff"), a state inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) For the reason discussed below, the Court denies the IFP motion and dismisses the action without prejudice

### I.    MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84–85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. §§ 1915(b)(1), (2); *Taylor v. Delatorre*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84–85.

In support of his IFP motion, Plaintiff has submitted a prison certificate authorized by a prison accounting official and a copy of his Inmate Statement Report. *See* ECF No. 3; 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2; *Andrews*, 398 F.3d at 1119. These documents show that for the six months immediately preceding filing of the Complaint, Plaintiff carried an average monthly balance of $1,054.06 and average monthly deposits of $351.17. (ECF No. 3 at 7.) The balance in Plaintiff's trust account as of February 19, 2026 was $1,083.83. *Id*. at 5, 7.

In this matter, Plaintiff has not shown the indigence required to proceed IFP. Therefore, because Plaintiff has shown that he is able to pay the filing fee in total, Plaintiff's

3:26-cv-1049-WQH-DDL

Motion to Proceed IFP is **DENIED**.

## II.   CONCLUSION AND ORDER

IT IS HEREBY ORDERED that the Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2).

IT IS FURTHER ORDERED that the Court **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $405 civil filing fee required by 28 U.S.C. § 1914(a). The Court **GRANTS** Plaintiff **forty-five (45) days** leave from the date this Order is filed in which to pay the $405 civil filing fee.

Dated:  February 27, 2026

William Q. Hayes
Hon. William Q. Hayes
United States District Court

3:26-cv-1049-WQH-DDL